IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | Criminal No. 7:14cr00046 |
| ) | |
| ) | By: Robert S. Ballou |
| GREGORY LEON ANDERSON, ) | U.S. Magistrate Judge |
| ) | |
| *Defendant*. ) | |

## REPORT AND RECOMMENDATION

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing.

As set forth in more detail in the Indictment, the Grand Jury previously returned a single count Indictment charging in Count One that from on or about March 2012 to on or about August 2014 this defendant, together with others, knowingly conspired to distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 841(a)(1), all in violation of Title 21, U.S.C., Sections 841(b)(1)(B) and 846.

The plea hearing was conducted before the undersigned on March 9, 2015. The defendant was at all times present in person and with his counsel, Bradford Braford. The United States was represented by Andrew Bassford, Assistant United States Attorney. The proceedings were recorded by a court reporter. See Rule 11(g), Federal Rules of Criminal Procedure.

With the defendant's informed and written consent, the undersigned made a Rule 11 inquiry; the government presented a written and orally supplemented proffer of evidence for the purpose of establishing an independent basis for the defendant's plea, and the defendant entered a plea of guilty to the offense originally charged in Count One of the Indictment.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES**

The defendant was placed under oath and addressed personally in open court. He expressly acknowledged that he was obligated to testify truthfully in all respects under penalty of perjury and that he understood the government's right, in a prosecution for perjury or false statement, to use against him any statement that he gives under oath. See Rule 11(b)(1)(A).

The defendant testified to the following personal facts: his full legal name is GREGORY LEON ANDERSON. He is twenty-four (24) years of age, and he completed two years of community college. He is able to read, write, and understand English without difficulty. He testified that he had no medical condition, either physical or mental, which might interfere with his ability to understand and to participate fully in the proceeding; he stated he was using no alcoholic beverage, medication, or drugs which might impair his ability to participate fully in the proceeding and that his mind was clear. He stated that he understood he was in court for the purpose of entering a plea of guilty to a felony offense which he could not later withdraw. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter a plea of guilty to the felony offense charged in Count One of the Indictment.

The defendant acknowledged that he had received a copy of the Indictment; it had been fully explained to him; he had discussed the charge with his attorney, and he had been given enough time to do so. He stated he understood the nature of the charge against him in the

2

Indictment and specifically understood that it charged a felony offense. See Rule 11(b)(1)(G). He stated that his decision to enter a plea of guilty to Count One had been made after consulting with his attorney. He stated he was fully satisfied with the services of his attorney, and it was his intention and desire to enter a guilty plea to the felony offense described in the plea agreement.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for the parties having previously informed the court that the defendant's proposed plea of guilty was to be made pursuant to a written plea agreement (see Rule 11(c)(2)), counsel for the government set forth the government's understanding of the plea agreement in some detail: including the agreement for the defendant to plead guilty to participating in a conspiracy to deliver 100 grams or more of a mixture and substance containing a detectable amount of heroin (Count One of the Indictment) [¶ A.1]; the defendant's express acknowledgment of both the mandatory minimum and the maximum sentence for the offense [¶ A.1]; the defendant's express understanding of his various potential monetary obligations, including that he may be required to pay fees for his incarceration and supervised release, and that he must pay a $100.00 special assessment per felony count of conviction [¶¶ A.1 & B.4.a]; the defendant's admission of his factual guilt to Count One of the Indictment and his stipulation that there is a sufficient factual basis to support each and every material allegation underlying the said charge to which he was proposing to plead guilty [¶¶ A.1 & E.5]; the defendant's express acknowledgment of the trial rights waived by entry of a voluntary plea of

guilty [¶ A.2]; the agreement's provision outlining the fact that sentencing is within the sole discretion of the court "subject to its consideration of the United States Sentencing Guidelines" and the factors set forth in 18 U.S.C. § 3553(a) [¶ B.1]; the defendant's express recognition that he would not be allowed to withdraw his guilty plea irrespective of the sentence imposed by the court [¶ B.1]; the defendant's express acknowledgment that the government would object to any sentence below the guideline range [¶ B.1]; the defendant's stipulation that all matters pertaining to any of the counts of the charging document are relevant sentencing conduct [¶ B.2]; the terms of the acceptance of responsibility provision [¶ B.2]; the substantial assistance provision [¶ B.3]; the defendant's financial disclosure obligation [¶ B.4.b]; the scope of the defendant's express waiver of his right of direct appeal [¶ C.1]; the scope of the defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶ C.2]; the defendant's abandonment of any seized property [¶ C.5]; the defendant's waiver of all rights to access of investigation or prosecution records or information [¶ C.3]; the defendant's various additional obligations, including agreeing not to obstruct justice, make a false statement, or make or adopt any objections to the presentence report that are inconsistent with the plea agreement [¶ C.8]; the remedies available to the government in the event of a breach of the agreement by the defendant [¶ D]; the defendant's acknowledgment that he had been effectively represented in this case [¶ E.3]; the parties' express acknowledgment that the written plea agreement constituted the entire understanding between the parties [¶ E.5]; and the substance of the agreement's other terms and provisions. See Rule 11(b)(1)(B)-(N) and 11(c)(1)-(3).

  After which, the defendant was asked what his understanding of the terms of the agreement was, and he testified that his understanding was precisely the same as that set forth

by the government's attorney; he further represented that he had reviewed and initialed every page with his lawyer. Counsel for the defendant, likewise, represented that his understanding was the same and he stated that he was satisfied that the defendant understood all of its terms. The defendant was shown the plea agreement; and he affirmed it to be his signature on the document. He further testified that no one had made any other, different, or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty and that no one had attempted in any way to force him to plead guilty in this case. The agreement was then received, filed, and made a part of the record. See Rule 11(b)(2).

After the range of punishment for the offense charged in Count One of the Indictment had been outlined to the defendant, he acknowledged that he understood the mandatory minimum penalty provided by law for conviction of the offense charged in Count One of the Indictment to be confinement in a federal penitentiary for five (5) years, and the maximum penalty proved by law for conviction of this offense to be confinement in a federal penitentiary for forty (40) years, a $5,000,000 fine, and a term of supervised release. See Rule 11(b)(H)-(I). In addition, the defendant acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment. See Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his plea, if accepted, would result in him being adjudged guilty of a felony offense and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the

seriousness of the offense; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. The court noted at the hearing that an order of forfeiture and restitution did not appear at issue based on the defendant's Indictment and plea agreement. See Rule 11(b)(1)(J)-(K).

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines, and other factors under 18 U.S.C. § 3553(a). See Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the presentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw this guilty plea. See Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a period of "supervised release," and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. See Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶ C.1], the defendant expressly acknowledged that he understood that he was giving-up all waivable rights to appeal. Likewise, pursuant to the terms of the plea agreement [¶ C.2], he expressly acknowledged that he understood he was giving-up all waivable rights to challenge his conviction or his sentence in any post-conviction proceeding.

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence; the obligation of the government to prove his guilt beyond a reasonable doubt; his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense; his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and his right to a unanimous guilty verdict. See Rule 11(b)(1)(B)-(E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. See Rule 11(b)(1)(F).

The defendant acknowledged that in the event he received a more severe sentence than he expected or the court did not accept any sentencing recommendation by the government, he would still be bound by his guilty plea and would have no right to withdraw it. He stated he knew parole had been abolished and he knew he would not be released on parole in the likely event he received a sentence that included a period of imprisonment. In addition, he expressly acknowledged that as part of his sentence the court may order him to serve a significant term of post-incarceration "supervised release" and that if he violated the terms of his supervised

7

release he could be returned to prison for an additional period of time.

In direct response to further questioning, the defendant also testified that he was pleading guilty to the offense charged in Count One because he had in fact knowingly participated in a conspiracy to distribute 100 grams or more of a substance containing a detectable amount of heroin.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted for filing as part of the record a written Statement of Facts which summarized the facts that the government was prepared to prove at trial to establish the offense charged against this defendant in Count One of the Indictment. The defendant and his counsel each represented that the defendant had reviewed it, was fully aware of its contents, and did not contest any of the facts set forth therein. With the signature of the defendant and with the acknowledgment of the defendant and his attorney that the written Statement of Facts fairly summarized the government's case, it was received, filed, and made a part of the record. See Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding and after consulting further with his attorney, the defendant stated that he remained ready to plead guilty pursuant to the terms of the plea agreement. Thereupon, Count One of the Indictment was read to the defendant; he was called-upon for his plea, and he entered a plea of GUILTY to the offense charged in Count One alleging his violation of Title 21 United States Code, Sections 846, 841(a)(1) and 841(b)(1)(B). The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

The defendant was then informed that acceptance of the plea agreement and his guilty

plea would be recommended to the presiding district judge, that a presentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the presentence report and to file objections to it. The defendant was then remanded to the custody of the United States Marshal pending preparation of a presentence report and acceptance of his guilty plea.

## GOVERNMENT'S EVIDENCE

The agreed written Statement of Facts referenced above is incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions, and recommendations:

> 1. The defendant is fully competent and capable of entering an informed plea to the charge set forth in Count One of the Indictment;
>
> 2. The defendant is fully aware both of the nature of the charge set forth in Count One and of the consequences of his guilty plea;
>
> 3. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)-(N);
>
> 4. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;
>
> 5. The defendant's entry into the plea agreement and his tender of a plea of guilty pursuant to the terms of the plea agreement were both made with the advice

9

and assistance of counsel;

6. The defendant knowingly and voluntarily entered his said plea of guilty;

7. The defendant's plea of guilty did not result from force, threats, inducements, or promises other than those promises contained in the written plea agreement;

8. The plea agreement complies with the requirements of Rule 11(c)(1); and

9. The evidence presents an independent basis in fact containing each essential element of the offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to the offense charged in Count One of the Indictment, that he be adjudged guilty of the said felony offense, and that a sentencing hearing be set for July 2, 2015 at 2:00 p.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. A failure to file

timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

Enter: March 20, 2015

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge